# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 25, 2010

Lyle W. Cayce
Clerk

No. 09-20577
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AGUSTIN GONZALEZ-MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-191-1

Before JOLLY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Agustin Gonzalez-Mendoza appeals the 40-month sentence imposed following his guilty-plea conviction of conspiracy to transport and harbor unlawful aliens. *See* 8 U.S.C. § 1324. He contends the district court erred by finding his offense involved 25–99 unlawful aliens and imposing the resulting six-level enhancement to his offense level. *See* U.S.S.G. § 2L1.1(b)(2)(B).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Accordingly, we review only for clear error the challenged factual finding that Gonzalez was responsible for at least 25 unlawful aliens.

As the presentence investigation report (PSR) noted, Gonzalez stated he was paid $300 for each load of aliens. He did not receive the money at first; rather, it was deducted from the $2,200 he owed for his own smuggling fee (he entered illegally in December 2008). Gonzalez received $3,000 beyond that repayment, and he conceded he had been working off his debt for several months before he was arrested. Gonzalez also admitted that, beginning in February 2009, one to two loads of two to ten unlawful aliens arrived weekly. Additionally, the PSR included information from which the district court could determine that at least some of the loads exceeded the minimum of two unlawful aliens and that some of the unlawful aliens from those loads had been released; thus, the 17 found at the time of Gonzalez's arrest did not constitute the total number of aliens for which Gonzalez was responsible. In sum, information in the PSR supported the district court's finding Gonzalez responsible for at least 25 unlawful aliens.

Because Gonzalez failed to provide rebuttal evidence, the district court was entitled to rely on the information in the PSR. *E.g.*, *United States v. Ford*, 558 F.3d 371, 377 (5th Cir. 2009) ("In making its factual findings for sentencing, a district court may adopt the findings of the PSR without additional inquiry if those facts have an evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information is materially unreliable." (quoting *United States v. Valles*, 484 F.3d

745, 759 (5th Cir. 2007))).  In that regard, the district court's determination that Gonzalez was responsible for 25 or more unlawful aliens was plausible in the light of the record as a whole and, therefore, was *not* clearly erroneous.  *E.g.*, *United States v. Betancourt*, 422 F.3d 240, 245–46 (5th Cir. 2005).

AFFIRMED.